**FOR PUBLICATION**

```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

                                  )
PATRICK RIVERA,                   )
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  )   Civil No. 2008-128
JOHN DEJONGH, NOVELLE FRANCIS,    )
VIRGIN ISLANDS POLICE DEPARTMENT, )
and GOVERNMENT OF THE VIRGIN      )
ISLANDS,                          )
                                  )
          Defendants.             )
_____)
```

**ATTORNEYS:**

**George H. Hodge, Jr., Esq.**
St. Thomas, U.S.V.I.
　　*For the plaintiff,*

**Aquannette Y. Chinnery, Esq.**
St. Thomas, U.S.V.I.
　　*For the defendants.*

## OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of Defendants Governor John deJongh ("deJongh"), Police Commissioner Novelle Francis ("Francis"),[1] Government of the Virgin Islands (the "Government"), and Virgin Islands Police Department (the "VIPD") (collectively the "Defendants") to dismiss Plaintiff Patrick

---

[1] Francis is a party to this action pursuant to Federal Rule of Civil Procedure 25, which provides for the automatic substitution of public officers.

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 2

Rivera's ("Rivera") action on the ground that, *inter alia*, it is outside the relevant statue of limitations.

## I. FACTUAL HISTORY

From 1987 through 1992, Rivera was a VIPD Officer. Comp. ¶ 6. In 1992, Rivera was convicted of a misdemeanor offense. Thereafter, on or about October 20, 1992, Rivera's employment as a VIPD Officer was terminated. *Id.* In 1993, Rivera filed a complaint with the Virgin Islands Civil Rights Commission (the "Commission"), alleging that his employment had been terminated without a hearing.[2] On August 29, 1997, the Commission issued a decision holding that Rivera was entitled to a hearing on his termination. Comp. ¶ 8.

The Government filed a Petition for a Writ of Review of the Commission's decision in the Superior Court of the Virgin Islands (the "Superior Court"). That petition was dismissed on May 10, 2007. Comp. ¶ 9.

Rivera brought this action on September 23, 2008, alleging a violation of 42 U.S.C. § 1983 and seeking compensatory damages, punitive damages, and recovery for mental anguish, lost wages, and attorney's fees. Specifically, Rivera alleges that the VIPD discriminated against him based on his race by failing to provide

---

[2] The Commission action bore the Case Number 069-93, indicating that it was filed in 1993.

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 3

him with a hearing before his termination.

The Defendants now move to dismiss the complaint on the grounds that, *inter alia*, the statute of limitations for Rivera's claim has expired.

## II. DISCUSSION

In order to survive a motion to dismiss, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 4

if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

A statute of limitations defense may form the basis of a 12(b)(6) motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994).

## III. ANALYSIS

The Defendants contend that Rivera's claim is barred by a two-year statute of limitations. In support of that argument, the Defendants argue that the statute of limitations began to run as early as October 20, 1992, when Rivera asserts that he was terminated without hearing.[3]

It is well understood that "[42 U.S.C. §] 1983 claims should be uniformly ruled by the states' personal injury statutes of limitations." *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir.

---

[3] The Defendants alternatively argue that Rivera's claim accrued, at the latest, on February 24, 1993, when the VIPD formally severed its relationship with Rivera. That information was not included in the complaint. As such, the Court cannot consider it in a 12(b)(6) motion. *Mele v. FRB*, 359 F.3d 251, 257 (3d Cir. 2004) ("It is black-letter law that [a] motion to dismiss for failure to state a claim . . . is to be evaluated only on the pleadings.") (citation omitted). Even if the Court could consider this date, it would have no effect on the outcome.

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 5

1989). In the Virgin Islands, the statute of limitations for personal injury actions is two years.[4] As such, Rivera's action is governed by the Virgin Islands two year statute of limitations for personal injury actions.

To determine whether Rivera's clais against the Defendants is time-barred by that limitation period, the Court must determine when his claim began to accrue. "Federal law which governs the accrual of section 1983 claims establishes that the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

Here, Rivera certainly must have appreciated that he suffered some harm when he was terminated, as evidenced by the fact that he made a complaint to the Commission regarding this matter. It would stand to reason, then, that on October 20, 1992,

---

[4] The time within which legal actions must be commenced in the Virgin Islands is set forth at Title 5, Section 31 of the Virgin Islands Code, which provides, in pertinent part:

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

(5) Two years- (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated . . . .

5 V.I.C. § 31(5)(A).

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 6

he either knew or had reason to know of the injury upon which this action is based. He would have two years from that time, until October 20, 1994, to commence this action. Even if the injury was not appreciated until August 29, 1997, when the Commission issued its decision, he would have two years from that date, until August 29, 1999, to commence this action.[5] Significantly, using either time marker, Rivera's claim would appear to be untimely.

Rivera contends, however, that his incarceration and the action brought by the Defendants in the Superior Court toll the statute of limitations in this action based on the statutory tolling provisions in the Virgin Islands and the doctrine of equitable tolling, respectively. His argument is flawed.

Section 36 of the Title 5 of the Virgin Islands Code provides for tolling of the statute of limitations period when:

> any person entitled to bring an action mentioned in this chapter is, at the time the cause of action accrues--

---

[5] Indeed, using this marker, a time in excess of nine years would have elapsed between the date of Rivera's putative discovery of the alleged wrong and his commencement of this action. That period far exceeds the two year period within which this action must have been commenced. Moreover, it is generally understood that "there is no requirement of exhaustion in state court for § 1983 actions, nor does litigating first in state court toll the statute of limitations for § 1983 claims." *Huntsman v. Perry Local Sch. Bd. of Educ.*, 379 Fed. Appx. 456, 461 (6th Cir. 2010). Thus, the Government's attempt to have the Commission's decision reviewed in the Superior court has no bearing on the statute of limitations of this action.

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 7

> **(1)** under the age of twenty-one years; or
>
> **(2)** insane; or
>
> **(3)** imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life--
>
> the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases.
>
> 5 V.I.C. § 36(a) ("Section 36 ").

Here, Rivera claims that he was incarcerated for one year following his 1992 misdemeanor conviction. Rivera does not provide the dates of his incarceration. However, he does state that he was no longer imprisoned when he filed his complaint with the Commission in 1993. Pl.'s Opp'n to Defs.' Mot. to Dismiss 1 ("Upon release from confinement, plaintiff Rivera immediatly demanded a hearing with the [Commission]."). As such, Section 36, at best, would have tolled the statue of limitation of this action through 1993. The limitations period would then run for two years, through 1995. Thus, Section 36's tolling provision offers Rivera no reprieve for this action thirteen years after the limitation period expired.

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 8

    To avoid the conclusion that this action is untimely, Rivera contends that the statute of limitations was equitably tolled until May 2007, when the Superior Court dismissed the Government's Petition for a Writ of Review. The Third Circuit has counseled that "[t]he doctrine of equitable tolling . . . should be applied 'sparingly.'" *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005)(citation omitted).

> There are three principal situations in which equitable tolling is appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Id.* (citations omitted). In addition to presenting one of the circumstances listed above, a plaintiff seeking equitable tolling must demonstrate "reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005).

    Rivera does not argue that he has been actively misled or that some extraordinary wrong prevented him from commencing this action. Rather, he argues that the fact that the Defendants sought a review of the Commission's ruling puts this matter into the third category, arising when the plaintiff mistakenly asserts

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 9

his rights in the wrong forum. His argument suffers for several reasons.

First, under the category of equitable tolling from which Rivera seeks to benefit, it is ordinarily the plaintiff who timely misfiles his action in the wrong forum. Here it is the *Government* who petitioned for a Writ of Review. The court is unaware of any authority that regards a *defendant's* petition for review of an administrative decision as a misfiling by the *plaintiff*, such that equitable tolling is triggered.[6] The petition was not a timely assertion by Rivera of his rights. Even if the Court could so construe the Government's petition, it is hard to conceive how it could be regarded as having been filed in the wrong forum.

The United States Court of Appeals for the Third Circuit discussed the availability of equitable tolling where a party files suit in the wrong court in *Island Insteel Systems, Incorporated v. Waters*, 296 F.3d 200 (3d Cir. 2002). In that case, the plaintiffs filed an action in the United States

---

[6] Indeed, there is no shared legal identity between a privately available right of action and a separate, though related, administrative review. *Cf. Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 461 (U.S. 1975) (explaining that where a plaintiff has a private civil rights remedy and an administrative remedy, such remedies, "although related, and although directed to most of the same ends, are separate, distinct, and independent").

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 10

District Court for the District of Puerto Rico. That action was dismissed for lack of personal jurisdiction. *Id.* at 203. While the case was pending in the District of Puerto Rico, the limitation period expired within which the plaintiffs' claim could be filed. *Id.* at 204. The plaintiffs thereafter re-filed their claim in the District of the Virgin Islands. This Court dismissed the action as time-barred. *Id.* at 203.

The Third Circuit reversed. The appeals court explained that, under Virgin Islands law, the statute of limitations for a cause of action may be equitably tolled. The Third Circuit reasoned that where a cause of action was dismissed for lack of personal jurisdiction and subsequently filed in the proper court, equitable tolling may apply if: "(1) the first action gave the defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff prosecuted the first action in good faith and diligently filed the second action." *Id.* at 204-05. *See also Williams v. Tutu Park Ltd*., 51 V.I. 701, 706-707, (D.V.I. App. Div. 2009) (holding that the *Island Insteel Systems* test applies to dismissal for lack of subject matter jurisdiction); *Jensen v. Virgin Islands Water & Power Authority*, 52 V.I. 435, 443 (V.I. 2009) (extending the *Island Insteel* test

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 11

to apply when the complaint in the first action "is dismissed for any reason not related to the merits").

In order, however, for equitable tolling to be available, the plaintiff must have asserted his rights in an incorrect forum. In this case, there is no suggestion that Rivera brought this action in any other court. The Court is unaware of any authority in this Circuit applying equitable tolling in situations where, as here, no fraudulent concealment or other recognized legal or equitable disability precluded the plaintiff from timely filing an action in the proper forum. To the extent that Rivera invites the Court to expand the availability of equitable tolling to such situations, the Court declines to do so.

## IV. CONCLUSION

The premises considered, it is hereby

**ORDERED** that the Defendant's motion to dismiss the complaint is **GRANTED**; it is further

**ORDERED** that Rivera's complaint is **DISMISSED**; and it is further

*Rivera v. deJongh, et. al.*
Civil No. 2008-128
Opinion
Page 12

    **ORDERED** that the trial setting is **VACATED.**


                                S\_____
                                    **Curtis V. Gómez**
                                      **Chief Judge**